UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRIAN HAZZARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-51 |
| | § | |
| RYAN BOURGEIOS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER TO PLAINTIFF TO RE-PLEAD COMPLAINT AND CONSTRUING CERTAIN MOTIONS TO DISMISS AS MOTIONS FOR SUMMARY JUDGMENT

In this action, Plaintiff Brian Alexander Leon Hazzard alleges that Defendants — Ryan Bourgeois ("Bourgeois"); Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett"); Capitol Commerce Mortgage Co.; Mortgage Electronic Registration Systems, Inc.; Calvin C. Mann, Jr. ("Mann"); First Magnus Financial Corp.; and Everett L. Anschutz ("Anschutz") — wrongfully posted notice of foreclosure upon two of Plaintiff's properties.  (D.E. 1.)  Plaintiff claims that Defendants violated: (1) the Fair Debt Collections Practices Act  ("FDCPA"), 15 U.S.C. §§ 1692-1692p; (2) the Texas Business and Commerce Code § 3.302(a)(1); (3) the Texas Property Code § 51.002; (4) the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §§ 392.301-392.404; and (5) the Real Estate Settlement & Procedures Act ("RESPA"), 12 U.S.C. § 2605. Plaintiff also seeks injunctive and declaratory relief.  (Id. at 13,15.)

Defendant Mann has filed a Motion to Dismiss or Motion for Summary Judgment or in the Alternative a Motion for a More Definite Statement. (D.E. 21.)  Defendant Anschutz has filed a Motion to Dismiss or in the Alternative a Motion for Summary Judgment.  (D.E. 22.)

Defendants Barrett and Bourgeois filed a Motion to Dismiss Pursuant to Rule 12(b)(6).   (D.E. 24.)  As of the date of the entry of this Order, Plaintiff has not responded to any of these motions.

I.      **Necessity for Plaintiff to Re-Plead his Claims**

Defendants Barrett and Bourgeois filed a Motion to Dismiss Pursuant to Rule 12(b)(6). (D.E. 24.)  To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's Complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations are not required."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

However, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949 (citing Twombly, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct."  Id. at 1949-50.  A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted."  Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004).

1.      **FDCPA Claims**

In order to establish an entitlement to relief under the FDCPA, a plaintiff must demonstrate that: "(1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Stewart v. Alonzo, 2009 WL 174938, at *2 (W.D. Tex. Jan. 26, 2009).  Here, Plaintiff has not sufficiently alleged that the debt at issue is a

consumer debt, that Defendants Barrett and Bourgeois are debt collectors within the meaning of the FDCPA, or that their interactions with Plaintiff constituted acts or omissions prohibited by the FDCPA.  Accordingly, Plaintiff must re-plead this action within the deadline set forth below.

### 2. TDCA Claims

The TDCA is a state-level analogue to the FDCPA.  Under the Texas act, a consumer is "an individual who has a consumer debt."  Tex. Fin. Code Ann. § 392.001(1) (West 2006).  A third-party debt collector is "a debt collector [as defined by the FDCPA] but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who: (A) are regularly engaged to solicit debts for collection or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts."  Tex. Fin. Code Ann. § 392.001(7) (West 2006).  A "consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction."  Tex. Fin. Code Ann. § 392.001(2) (West 2006).  The Texas statute generally prohibits the same type of debt collection practices that are barred by the FDCPA, including the use of threats or coercion, oppression, harassment, abuse, unfair and unconscionable debt collection, and fraudulent, deceptive, or misleading representations.  See Tex. Fin. Code Ann. §§ 392.301-04 (West 2006).

In this case, Plaintiff fails to specify which provisions of the TDCA were violated.  He also fails to state that the obligation at issue is a consumer debt, or that Defendants are debt collectors or third party debt collectors as defined in the Texas Financial Code.  Plaintiff must re-plead this cause of action.

### 3.    RESPA Claims

RESPA, 12 U.S.C. § 2602 <u>et</u> <u>seq</u>, covers "federally-related mortgage loans" that are secured by residential real estate.  Section 2605(e) requires loan servicers to, upon receipt of a written borrower dispute, provide a written response to the borrower acknowledging receipt within twenty days (excluding holidays and weekends) unless the action requested is taken within such period. 12 U.S.C. § 2605(e)(1)(A).  RESPA defines a loan servicer as "the person responsible for servicing of a loan."   12 U.S.C. § 2605(i)(2). Loan servicing is, in turn, defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan. . .and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

With respect to his RESPA claims, Plaintiff asserts only that Defendant Wells Fargo failed to respond to his qualified written request.  Plaintiff fails to allege specifically that Defendants Barrett and Bourgeois are loan servicers under RESPA, or that they violated RESPA's provisions.  This claim must be re-pled.

### 4.    Wrongful Acceleration under Texas Business and Commerce Code § 3.302(A)(1); and Texas Property Code § 51.002

Plaintiff purports to bring a cause of action for wrongful acceleration pursuant to section 3.302(A)(1) of the Texas Business and Commercial Code, and section 51.002 of the Texas Property Code.  However, the provisions relied upon by Plaintiff do not support such a claim. Moreover, Plaintiff does not assert that Defendants Barrett and Bourgeois, particularly, engaged in acts of wrongful acceleration with respect to the properties at issue in this case.  Consequently, this cause of action must also be re-pled.

### 5.     Declaratory and Injunctive Relief

In order to prevail on a request for injunctive relief, a plaintiff must show a "substantial likelihood of success of the merits."  See DSC Comm. Corp. v. DGI Techs. Inc., 81 F.3d 597, 600 (5th Cir. 1996).  Given that Plaintiff has not sufficiently alleged any of his claims, he has not sufficiently alleged that he has a substantial likelihood of success on the merits.  Accordingly, Plaintiff must re-plead his claim for injunctive relief.  Further, a party seeking declaratory relief must demonstrate that there exists a case or controversy in order to meet the Article III standing requirement.  See Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).  This requires that he allege facts "from which it appears there is a substantial likelihood that he will suffer injury in the future."  Id.  Plaintiff has failed to sufficiently allege facts that indicate that the actions of Defendants Barrett and Bourgeois threaten future injury, and thus has not shown that there is a "case or controversy" between himself and Defendants, that would justify a grant of declaratory relief.  Accordingly, Plaintiff must re-plead his claim for declaratory judgment.

**Therefore it is ORDERED that Plaintiff shall file, within fourteen (14) days of the date of the entry of this Order, a first amended complaint, setting forth the factual and legal arguments against each named defendant.  Plaintiff is advised that, should he fail to file his amended complaint within the required time period, this lawsuit may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

## II.     Opportunity for Plaintiff to Respond

On July 20, 2011, Defendant Mann filed a Motion to Dismiss or Motion for Summary Judgment or in the Alternative a Motion for a More Definite Statement.  (D.E. 21.)  On July 27,

2011, Defendant Anschutz filed a Motion to Dismiss or in the Alternative a Motion for Summary Judgment. (D.E. 22.)

The Federal Rules of Civil Procedure provide that "if on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion **must** be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). Moreover, where a court considers a motion to dismiss as a motion for summary judgment, the Plaintiff must receive notice and a reasonable time to respond.[1] Because Defendants rely on matters outside the pleadings, the Court construes the motions pursuant to Rule 56. Fed. R. Civ. P. 12(d). As such, Plaintiff is entitled to notice and an opportunity to respond.

**Accordingly, Plaintiff is afforded twenty (20) days from the date of the entry of this Order to file a response to Defendants Mann and Anschutz, should he so desire.**

## III. Conclusion

For the reasons stated above, the Court ORDERS as follows: Plaintiff must re-plead his causes of action for (1) violations of the FDCPA; (2) violations of the TDCA; (3) violations of the Texas Business and Commerce Code § 3.302(a)(1); (4) violations of the Texas Property Code § 51.002; (5) violations of RESPA; (6) declaratory relief; and (7) injunctive relief, **within fourteen (14) days of the entry of this Order**. Plaintiff is advised that failure to respond may result in the dismissal of his claims against Defendants Barrett and Bourgeois for failure to prosecute. See Fed. R. Civ. P. 41(b).

Moreover, the Court construes the motions submitted by Defendants Mann and Anschutz as Rule 56 motions for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d).

---

[1] Fed. R. Civ. P. 12(d) states that when a Rule 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." See Fed. R. Civ. P. 12(d).

**Accordingly, Plaintiff has twenty (20) days from the date of the entry of this Order to file a response to:  (1) Defendant Mann's Motion to Dismiss or Motion for Summary Judgment or in the Alternative a Motion for a More Definite Statement (D.E. 21), and (2) Defendant Anschutz's Motion to Dismiss or in the Alternative a Motion for Summary Judgment. (D.E. 22.)**

SIGNED and ORDERED this 6th day of October, 2011.

Janis Graham Jack
Senior United States District Judge